BLANK ROME LLP
Howard M. Knee (SBN 55048)
knee@blankrome.com
Caitlin I. Sanders (SBN 294143)
csanders@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants
MOVADO GROUP, INC. AND MOVADO RETAIL GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DIANA LANDAVERDE, an Individual,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MOVADO GROUP, INC., New Jersey Corporation, MOVADO RETAIL GROUP, INC., a New Jersey Corporation, and STEVE DANIELIAN, an Individual, and DOES 1 through 50, Inclusive,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-4215<br><br>(Removed from Superior Court of California, County of Los Angeles, Case No. 20STCV19286)<br><br>**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 & 1446**<br><br>State Complaint filed: May 20, 2020<br>State FAC filed: February 25, 2021 |

**TO THE CLERK OF THE ABOVE TITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants MOVADO GROUP, INC. and MOVADO RETAIL GROUP, INC. (collectively, "Movado") hereby effect removal of the above-referenced action from the California Superior Court for the County of Los Angeles to the United States District Court for the Central District of California.

The grounds for removal are as follows:

**I.   THIS REMOVAL IS TIMELY**

1. On <u>May 20, 2020</u>, Plaintiff DIANA LANDAVERDE ("Plaintiff") commenced a state court action against Movado and individual employee, STEVE DANIELIAN ("Danielian"), by filing a Complaint in the Superior Court of California for the County of Los Angeles, entitled *Diana Landaverde v. Movado Group, Inc., et al.*, State Case No. 20STCV19286 ("State Court Action"). *See*, Exhibit 1.

2. In the original Complaint, Plaintiff alleged <u>ten</u> employment-related causes of action against only Movado and <u>one</u> cause of action against both Movado and Danielian, which was Plaintiff's Fifth Cause of Action for Harassment on the Basis of Pregnancy, Sex, and/or Disability in violation of the California Fair Employment and Housing Act ("FEHA").[1]

3. On <u>July 30, 2021</u>, Movado and Danielian removed the State Court Action to the United States District Court for the Central District of California based on diversity jurisdiction on the ground that Plaintiff fraudulently named Danielian (a non-diverse party) as a defendant in her cause of action for Harassment on the Basis of Pregnancy, Sex, and/or Disability in violation of FEHA; however, this matter was

---

[1] Plaintiff alleges the following ten causes of action against Movado in the State Court Complaint: Pregnancy and Sex Discrimination in violation of FEHA; Disability Discrimination in violation of FEHA; Failure to Accommodate in violation of FEHA; Failure to Engage in the Interactive Process in violation of FEHA; Retaliation for Requesting Accommodation in violation of FEHA; Retaliation for Exercising Rights under California Family Rights Act; Failure to Prevent Discrimination, Harassment and/or Retaliation in violation of FEHA; Wrongful Termination in Violation of Public Policy; (10) Failure to Pay Earned Wages; and Waiting Time Penalties. *See*, Exhibit 1.

Case 2:21-cv-04215-PA-E   Document 1   Filed 05/20/21   Page 3 of 12   Page ID #:3

remanded back the Los Angeles County Superior Court, finding that an insufficient showing of fraudulent joinder was made. *See*, Exhibit 10.

4. On <u>August 28, 2020</u>, Movado and Danielian filed a Demurrer to the Fifth Cause of Action for Harassment in Violation of FEHA. *See*, Exhibit 13.

5. On <u>January 15, 2021</u>, the Los Angeles Superior Court sustained Movado and Danielian's Demurrer to the Fifth Cause of Action for Harassment in Violation of FEHA, finding that Plaintiff failed to allege facts sufficient to state a cause of action against Movado or Danielian for harassment. The Court granted Plaintiff leave to amend her *Fifth Cause of Action for Harassment in violation of FEHA*. *See*, Exhibit 26.

6. On <u>February 25, 2021</u>, Plaintiff filed the First Amended Complaint ("FAC"), which included the same ten causes of action against only Movado and abandoned the one cause of action against both Movado and Danielian for Harassment in violation of FEHA. In the FAC, Plaintiff attempted to substitute a new cause of action for defamation against Movado and Danielian. *See*, Exhibit 28.

7. On <u>March 23, 2021</u>, Movado and Danielian filed a Demurrer and Motion to Strike the Fifth Cause of Action in the FAC. *See*, Exhibit 29.

8. Plaintiff wrote in an <u>April 28, 2021</u> State Court Action filing: "Plaintiff decided not to pursue the harassment cause of action." *See*, Exhibit 37.

9. On <u>May 20, 2021</u>, the Los Angeles Superior Court sustained Movado and Danielian's Demurrer and Motion to Strike the Fifth Cause of Action in the FAC *without* leave to amend, finding, in relevant part:

> ***The Court finds that Plaintiff impermissibly added a cause of action for defamation without leave of court***. As noted by the authorities above, following an order sustaining a demurrer with leave to amend, the plaintiff may amend her complaint only as authorized by the Court's order. Here, the Court found that Plaintiff had failed to sufficiently allege her harassment cause of action as a result of her failure to allege "an environment which is intimidating, hostile, or offensive or one that sufficiently offends, humiliates, distresses, or intrudes upon Plaintiff." ***The Court did not grant Plaintiff leave to add a defamation cause of action***.

522305.00201/125983537v.1                                    3
**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**

Based on the foregoing, ***Defendants' demurrer to the fifth cause of action is SUSTAINED without leave to amend***. *See*, Exhibit 40.

10. At the May 20, 2021 hearing on Movado's Demurrer, Plaintiff reaffirmed that she decided to abandon her harassment cause of action and is seeking leave of court to file a defamation claim against Movado and Danielian. *See*, Exhibit 40.

11. As a result, Plaintiff abandoned her claim against Danielian (a non-diverse party), and her operative FAC no longer includes any causes of action against Danielian.

12. 28 U.S.C. § 1446(b)(3) provides that where the original complaint is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an…order or other paper from which it may first be ascertained that the case is one which is or has become removable." (emphasis added); *see also, Self v. General Motors Corp*., 588 F.2d 655, 657 (9th Cir. 1978) (An action not removable as originally filed may become removable "by the voluntary amendment of his pleadings by the plaintiff" or, "the voluntary dismissal or nonsuit by him of a party or of parties defendant.").

13. 20 U.S.C. § 1446(c)(1) also provides that "[a] case may not be removed under [Section 1446(b)(3)] more than 1 year after commencement of the action, unless the district court finds that the *plaintiff has acted in bad faith* in order to prevent a defendant from removing the action." *See, Phillips v. Allstate Ins. Co.*, 702 F. Supp. 1466, 1469 (C.D. Cal. 1989) ( An action is "commenced" on the date the complaint is filed in state court).

14. Accordingly, this removal is timely under 28 U.S.C. § 1446(b)(3) and (c)(1) because this Notice of Removal is filed within 30 days of the date from when complete diversity became ascertainable and not more than one year after the commencement of the State Court Action. *See,* Exhibits 37 and 40.

## II. GROUNDS FOR REMOVAL: <u>DIVERSITY JURISDICTION</u>

### A. Complete Diversity of Citizenship Exists Between the Parties.

15. Jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also, See*, *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F. 3d 1129, 1131 (9th Cir. 2002) (diversity of citizenship is evaluated at both the time the lawsuit was filed and at the time of removal). "It is not incumbent on the named defendants to negate the existence of a potential defendant whose presence in the action would destroy diversity." *See, Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005) (it is error for the court to inquire whether some other person might have been joined as an additional or substitute defendant); *Harris v. Bankers Life & Cas. Co.*, 425 F. 3d 689, 694 (9th Cir. 2005) (removability is determined from the face of the pleading). "Removal is proper even if a non-diverse defendant is present where that defendant has been fraudulently joined or constitutes a sham defendant." *Navarro v. Costco Wholesale Corp.*, No. 2:20-cv-2146-VAP-ASx, 2020 U.S. Dist. LEXIS 87275, *3–4 (C. D. Cal. May 18, 2020) (citing, *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).).

### 1. Plaintiff Is A Citizen Of <u>California</u>.

16. For purposes of diversity jurisdiction, an individual person's citizenship is determined by his or her state of "domicile." *Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id*. (citing, *Lew v. Moss*, 797 F. 2d 747, 749 (9th Cir. 1986)). A person's "place of residence" and "place of employment" are evidence of that person's domicile. *See, Lew,* 797 F. 2d at 750 ("The determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence…[and] place of employment or business…."); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (10th Cir. 1994) (a party's residence is prima facie evidence of domicile).

17. In the Complaint and FAC, Plaintiff alleges that she is, and was at the time the State Court Action was filed, a resident of the State of California. *See*, Compl., ¶ 1; FAC, ¶ 1.[2] Plaintiff also alleges that at all times mentioned in her Complaint, she was an employee of Movado and worked at Movado's Citadel Outlet Store in Los Angeles, California. *See*, Compl., ¶¶ 2, 20; FAC, ¶¶ 2, 20. Therefore, Plaintiff is a citizen of the State of California for purposes of diversity jurisdiction.

### 2. Movado Is A Citizen Of New Jersey.

18. For purposes of diversity jurisdiction, a corporation is a "citizen" both of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

19. Movado Group, Inc. is, and was at the time the State Court Action was filed, a corporation organized under the laws of the State of New York with its principal place of business located in Paramus, New Jersey *See*, Declaration of Mitchell Sussis ("Sussis Decl.."), ¶ 3.[3]

20. Movado Retail Group, Inc. is, and was at the time the State Court Action was filed, a corporation organized under the laws of the State of New Jersey with its principal place of business located in Paramus, New Jersey. *See*, Sussis Decl., ¶ 4.

21. Therefore, Movado Group and Movado Retail are citizens of the State of New Jersey for purposes of diversity jurisdiction.

### B. The Amount In Controversy Exceeds $75,000.

22. 28 U.S.C. § 1332 states, in relevant part, that diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…."

23. In general, whether the amount in controversy requirement has been satisfied is determined from the face of the plaintiff's complaint. *See, St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *McGee v. Sentinel*

---

[2] The Complaint and FAC are attached to this Notice Removal as Exhibits 1 and 28, respectively.
[3] The Sussis Decl. is attached to this Notice of Removal as **Exhibit 41**.

*Offender Serv's, LLC*, 719 F. 3d 1236, 1241–1243 (11th Cir. 2013). However, where, as here, "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $[75],000." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F. 3d 373, 376 (9th Cir. 1997); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F. 3d 975, 981 (9th Cir. 2013). A removing defendant in such a situation need not prove to a legal certainty that the amount in controversy has been met; rather, the removing defendant may simply allege in its notice of removal a plausible allegation that the jurisdictional threshold has been met (i.e. no evidentiary proof of the amount in controversy is required). *Dart Cherokee Basin Operating Co. LLC et al. v. Brandon W. Owens*, 135 S. Ct. 547, 549 (2014); *see also, Lewis v. Verizon Communications, Inc.*, 627 F. 3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

24.  Here, while Movado denies Plaintiff's factual allegations and deny that Plaintiff is entitled to the relief for which she has prayed, it is clear that the maximum *potential* value of her claims as alleged puts into controversy an amount in excess of $75,000.

25.  The FAC does not seek a precise *or* maximum potential amount of damages. Instead, Plaintiff seeks an unspecified amount of economic damages, non-economic damages, punitive damages, and attorneys' fees and costs in connection with her eleven causes of action against Movado.

26.  Plaintiff alleges that she is entitled to economic damages, including lost income (past and future), emotional distress damages, punitive damages, unpaid wages, waiting time penalties, and attorneys' fees and costs.

27.  The nature of the monetary damages sought by Plaintiff clearly puts the amount in controversy above $75,000. *See, Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. Jul. 2, 2002.) (The plaintiff's damage claim, which included

lost wages, lost earning capacity, medical expenses, emotional distress and attorney's fees, was enough to put the amount in controversy above $75,000.);

28. Plaintiff seeks to recover economic damages, including past and future lost wages. *See*, FAC, ¶¶ 44, 64, 78, 94, 127, 141, 153, 164. Plaintiff's final rate of pay during her employment was $23.11 per hour plus commissions on sales. *See*, Sussis Decl., ¶ 5. Plaintiff alleges that her employment with Movado was terminated on March 5, 2020. *See*, FAC, ¶ 32. Thus, Plaintiff's claim to lost income to date is a minimum of $58,000. Moreover, no trial date has been set, but conservatively estimating a trial date of May 2022, Plaintiff's damages claim for *past* lost income would be approximately $106,000, and assuming Plaintiff is awarded only one year of *future* lost wages, she would recover approximately $48,000. Therefore, Plaintiff's potential damages for past and future lost wages alone could exceed $154,000.

29. Plaintiff also seeks emotional distress damages. *See*, FAC, ¶¶ 45, 65, 79, 95, 128, 142, 154, 165. Plaintiff claims that she has suffered and will continue to suffer from anxiety, embarrassment, and emotional distress. While never stating the amount of emotional distress damages she seeks, this combined with her alleged lost income damages would exceed the jurisdictional threshold. *See, Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (finding that, absent an exact allegation of the amount of emotional distress damages sought, the court could consider such damages to be substantial).

30. Plaintiff also seeks punitive damages based on her allegation that Movado's actions were committed maliciously, fraudulently, and oppressively. *See*, FAC, ¶¶ 46, 66, 80, 96, 129, 143, 155, 166. Again, Plaintiff does not specify an amount. Punitive damages are potentially recoverable under the FEHA. *See, Vasquez v. Arvato Digital Servs.*, No. 11-cv-02836, 2011 WL 2560261, *4 (C.D. Cal. June 27, 2011) ("Punitive damages are available under FEHA…and therefore the Court may consider punitive damages when determining the amount in controversy."). Conservatively estimating that Plaintiff only sought a minimal amount of punitive

damages—such as one times the amount of her alleged past and future lost income damages ($154,000)—this would, again, exceed the jurisdictional threshold amount.

31. Plaintiff also seeks attorneys' fees and costs as authorized under FEHA. *See*, FAC, ¶¶ 48, 68, 82, 98, 131, 145, 157, 175. Such fees and costs only add to the amount in controversy well above the jurisdictional threshold. *See, Galt G/S/ v. JSS Scandanavia*, 142 F. 2d 1150, 1155–1156 (9th Cir. 1998) (holding that the amount in controversy for purposes of diversity jurisdiction includes attorneys' fees if authorized by statute or contract).

32. Plaintiff claims Movado failed to pay her all wages due on March 5, 2020 when it terminated her employment. *See*, FAC, ¶¶ 168-180. As a result, Plaintiff claims is entitled to waiting time penalties pursuant to Labor Code § 203 in an amount equal to thirty days of wages, or approximately $5,544.

33. While Movado expressly denies that Plaintiff is entitled to any relief whatsoever, it is clear that the amount in controversy greatly exceeds $75,000 as required by 28 U.S.C. §§ 1332(a).

### III. ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN MET.

34. All named defendants seek removal. 28 U.S.C. § 1446(b)(2)(A).

35. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from the State Court Action are attached to this Notice of Removal, as follows:

**Exhibit 1.** Complaint (5/20/2020)
**Exhibit 2.** Summons (6/30/2020).
**Exhibit 3.** Civil Case Cover Sheet (5/20/2020)
**Exhibit 4.** Notice of Case Assignment – Unlimited Civil Case (5/20/2020).
**Exhibit 5.** Notice of Case Management Conference (5/21/2020)
**Exhibit 6.** Minute Order with Certificate of Mailing for Court Order (5/21/2020)
**Exhibit 7.** Order on Fee Waiver (5/22/2020)
**Exhibit 8.** Proof of Personal Service–Movado Group, Inc. (7/15/2020)

| | |
|---|---|
| **Exhibit 9.** | Proof of Personal Service–Movado Retail Group, Inc. (7/15/2020) |
| **Exhibit 10.** | Proof of Personal Service–Steve Danielian (7/15/2020) |
| **Exhibit 11.** | Notice of Removal of Action to the United States District Court Central District of California (7/30/2020) |
| **Exhibit 12.** | Notice of Remand from Federal Court (8/10/2020) |
| **Exhibit 13.** | Notice of Demurrer and Demurrer to Complaint (8/28/2020) |
| **Exhibit 14.** | Memorandum of Points and Authorities in Support of Demurrer to Complaint (8/28/2020) |
| **Exhibit 15.** | Declaration of Caitlin I. Sanders in Support of Demurrer to Complaint (8/28/2020) |
| **Exhibit 16.** | Joint Case Management Conference Statement (9/18/2020). |
| **Exhibit 17.** | Notice of Posting of Jury Fees (10/5/2020) |
| **Exhibit 18.** | Proof of Service (10/5/2020) |
| **Exhibit 19.** | Minute Order re: Case Management Conference (10/5/2020) |
| **Exhibit 20.** | Case Management Order (10/5/2020) |
| **Exhibit 21.** | Minute Order re: Informal Discovery Conference with Certificate of Mailing (12/18/2020) |
| **Exhibit 22.** | Stipulation and Protective Order (12/28/2020) |
| **Exhibit 23.** | Opposition to Demurrer to Complaint (1/4/2021) |
| **Exhibit 24.** | Reply to Opposition to Demurrer to Complaint (1/8/2021) |
| **Exhibit 25.** | Minute Order re: Informal Discovery Conference Vacated (1/13/2021) |
| **Exhibit 26.** | Minute Order re: Demurrer to Complaint (1/15/2021) |
| **Exhibit 27.** | Notice of Ruling re: Demurrer to Complaint (1/19/2021) |
| **Exhibit 28.** | First Amended Complaint (2/25/2021) |
| **Exhibit 29.** | Combined Notice of Demurrer and Motion to Strike the Fifth Cause of Action in First Amended Complaint ("FAC") (3/22/2021) |

522305.00201/125983537v.1

10

**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**

| | |
|---|---|
| **Exhibit 30.** | Memorandum of Points and Authorities in Support of Demurrer and Motion to Strike the Fifth Cause of Action in FAC (3/22/2021) |
| **Exhibit 31.** | Declaration of Caitlin I. Sanders in Support of Demurrer and Motion to Strike the Fifth Cause of Action in FAC (3/22/2021) |
| **Exhibit 32.** | Request for Judicial Notice in Support of in Support of Demurrer and Motion to Strike the Fifth Cause of Action in FAC (3/22/2021) |
| **Exhibit 33.** | Minute Order re: Continuing Demurrer and Motion to Strike with Certificate of Mailing (3/25/2021) |
| **Exhibit 34.** | Minute Order re: Mandatory Settlement Conference w/ Certificate of Mailing (4/22/2021) |
| **Exhibit 35.** | Minute Order re: Continuing Demurrer and Motion to Strike with Certificate of Mailing (4/27/2021) |
| **Exhibit 36.** | Opposition to Demurrer and Motion to Strike the Fifth Cause of Action in FAC (4/28/2021) |
| **Exhibit 37.** | Notice of Motion and Motion for Leave to File Second Amended Complaint (4/28/2021) |
| **Exhibit 38.** | Declaration of Tamara S. Freeze in Support of Motion for Leave to File Second Amended Complaint (4/28/2021) |
| **Exhibit 39.** | Reply to Opposition to Demurrer and Motion to Strike Fifth Cause of Action in FAC (5/13/2021) |
| **Exhibit 40.** | Notice of Ruling re: Demurrer and Motion to Strike Fifth Cause of Action in FAC (5/20/2021) |

36. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide Plaintiff with written notice of this Notice of Removal through her attorneys of record, Tamara S. Freeze of Workplace Justice Advocates, PLC, located at 400 Spectrum Drive, Suite 560, Irvine, CA 92618, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the state of California for the County of Los

**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**

Angeles in the form attached hereto as **Exhibit 42** (attached to which will be a file stamped copy of this Notice of Removal).

37. This Notice of Removal is properly filed in the Central District of California – Western Division pursuant to 28 U.S.C. §§ 84(c)(2) and 1446(a), because the State Court case is pending in the Stanley Mosk Courthouse in the County of Los Angeles.

38. If Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, Defendants respectfully request that the Superior Court of the State of California for the County of Los Angeles proceed no further in this action and that this action be removed to the United States District Court for the Central District of California.

DATED: May 20, 2021         BLANK ROME LLP

By: */s/ Caitlin I. Sanders*
Howard M. Knee
Caitlin I. Sanders
Attorneys for Defendants
MOVADO GROUP, INC.; MOVADO RETAIL GROUP, INC.; and STEVE DANIELIAN