# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 05/20/2020 04:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
Case 2:21-cv-04215-PA-E    Document 1-1  Filed 05/20/21   Page 2 of 28   Page ID #:14
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Yolanda Orozco

1  **WORKPLACE JUSTICE ADVOCATES, PLC**
Tamara S. Freeze, California Bar No. 239037
2  Shirin Forootan, California Bar No. 260390
400 Spectrum Drive, Suite 560
3  Irvine, California 92618
Telephone: (949) 378-9794
4  Fax: (949) 266-9388
tf@workplacejustice.com
5  sf@ workplacejustice.com

6  Attorneys for Plaintiff
DIANA LANDAVERDE
7

8            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10

11  DIANA LANDAVERDE, an Individual,        CASE NO.     20STCV19286

12        Plaintiff,                        **COMPLAINT FOR DAMAGES**

13        vs.                               1.   PREGNANCY AND SEX DISCRIMINATION
                                                  [Cal. Gov. Code § 12940(a)];
14  MOVADO GROUP, INC., a New Jersey        2.   DISABILITY DISCRIMINATION [Cal. Gov.
    Corporation, MOVADO RETAIL GROUP,            Code § 12940(a)];
15  INC., a New Jersey Corporation, and STEVE   3.   FAILURE TO ACCOMMODATE [Cal. Gov.
    DANIELIAN, an Individual, and DOES 1          Code § 12940(m)];
16  through 50, Inclusive,                  4.   FAILURE TO ENGAGE IN THE
                                                  INTERACTIVE PROCESS [Cal. Gov. Code §
17        Defendants.                             12940(n)];
                                            5.   HARASSMENT ON THE BASIS OF
18                                               PREGNANCY, SEX, AND/OR DISABILITY
                                                  [Cal. Gov. Code § 12940(j)];
19                                          6.   RETALIATION FOR REQUESTING
                                                  ACCOMMODATION [Cal. Gov. Code §
20                                               12940(l)];
                                            7.   RETALIATION FOR EXERCISING RIGHTS
21                                               UNDER CFRA [Cal. Gov. Code § 12945.2(l)];
                                            8.   FAILURE TO PREVENT DISCRIMINATION,
22                                               HARASSMENT AND/OR RETALIATION [Cal.
                                                  Gov. Code § 12940(k)];
23                                          9.   WRONGFUL TERMINATION IN VIOLATION
                                                  OF PUBLIC POLICY;
24                                          10.  FAILURE TO PAY EARNED WAGES [Cal.
                                                  Lab. Code § 201]; and
25                                          11.  WAITING TIME PENALTIES [Lab. Code §§
                                                  203, 218].
26

27                                               **DEMAND FOR JURY TRIAL**
28

**PARTIES**

1.      Plaintiff DIANA LANDAVERDE (hereinafter "LANDAVERDE" or "Plaintiff") is, and at all times mentioned herein was a resident of the County of Lo Angeles, California and was an employee of MOVADO GROUP, INC. (hereinafter "MOVADO" or "Defendant") and MOVADO RETAIL GROUP, INC. (hereinafter "MOVADO RETAIL" or "Defendant").

2.      Plaintiff alleges on information and belief that Defendants MOVADO and MOVADO RETAIL are New Jersey corporations duly organized and existing under the laws of the State of California with a place of business located at Movado Citadel Outlets, 100 Citadel Dr #440 Los Angeles, California 90040.

3.      Plaintiff alleges on information and belief that Defendant STEVE DANIELIAN (hereafter "DANIELIAN" or "Defendant") is an individual employed by Defendants. Plaintiff is further informed and believes, and based thereon alleges, that DANIELIAN was at all times acting within the purpose and scope of Defendants' agency and employment. Plaintiff is informed and believes, and thereon alleges, that DANIELIAN was at all times and currently is a citizen of California, County of Los Angeles.

4.      Plaintiff alleges on information and belief that Defendants Does 1 through 20 were and are corporations or other business entities, which were authorized to and did business in Los Angeles County, California.  Plaintiff further alleges on information and belief that at all times mentioned herein, Defendants Does 1 through 20's business activities in the State of California were and are substantially greater than their business activities in any other state or country, and that a substantial predominance of their business activity is conducted in California.   As such, Defendants Does 1 through 20 are citizens of California.

5.      Plaintiff alleges on information and belief that Defendants Does 21 through 50 were and are individuals who at all relevant times herein were and are employees, managers, supervisors, managing agents or officers of Defendants, having the actual or apparent authority to participate in or recommend decisions affecting the Plaintiff's job benefits and employment status.   Plaintiff further alleges that at all times herein mentioned, Defendants Does 21 through 50, were in the chain

COMPLAINT FOR DAMAGES

of command over the Plaintiff and had sufficient actual or reasonably perceived power or control or direction in the work environment of the Plaintiff so as to significantly affect Plaintiff's employment status.

6.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when the names are ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences, discriminatory and wrongful acts alleged herein, and that Plaintiff's damages alleged herein were proximately caused by these Defendants.  The term "DEFENDANTS" herein includes Doe Defendants.

7.      Plaintiff is informed and believes and thereon alleges that at all relevant times herein, each of the Defendants, including the fictitiously named Defendants, was the agent and employee of each of the remaining Defendants, and in doing some of the things hereinafter alleged, was acting within the scope and course of such agency.  Plaintiff further alleges that the acts and conduct of said Defendants, as hereinafter alleged, which were intentional and/or retaliatory, were not related to personnel actions and were neither a risk, an incident, nor a normal part of the Plaintiff's employment with Defendants.

8.      Plaintiff is informed and believes and thereon alleges that at all relevant times herein, each of the Defendants, including the fictitiously named Defendants, were the agents, employees, and/or joint ventures of, or working in concert with the other Defendants, and were acting within the course and scope of such agency, employment, joint venture and/or concerted activity.  To the extent that said conduct and omission were perpetrated by Defendants and their agents, Defendants confirmed and ratified said conduct and omissions.

9.      Plaintiff is informed and believes and thereon alleges that at all relevant times herein, each of the Defendants, including the fictitiously named Defendants, were the agents, servants, and alter-egos of each other, and as such, the acts of one Defendant are considered the acts of all Defendants.  Plaintiff is informed and believes, and thereon alleges, that there is such unity of

COMPLAINT FOR DAMAGES

interests and ownership between these defendants that separate status no longer exists and, further, observance of the fiction of separate existence among these defendants would sanction fraud and promote injustice.

10.     Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

11.     Whenever and wherever reference is made to individuals who are not named as Plaintiff or Defendant in this Complaint but were agents, servants, employees and/or supervisors of Defendants, such individuals at all relevant times acted on behalf of Defendants within the scope of their employment.

**VENUE AND JURISDICTION**

12.     This Court has proper jurisdiction over this action.  Plaintiff alleges on information and belief that Defendant DANIELIAN at all relevant times was and currently is a resident of the County of Los Angeles.

13.     Plaintiff is informed and believes that Defendants MOVADO, MOVADO RETAIL and DOES 1 through 20, at all relevant times mentioned herein, and were and currently are licensed to do business in California and were and currently are conducting business throughout California.

14.     Plaintiff is informed and believes that Defendants MOVADO and MOVADO RETAIL were and are corporations that has a retail store located in the County of Los Angeles, California, where Plaintiff worked.

15.     Plaintiff alleges on information and belief that Does 1 through 20 were and are corporations or other business entities, which were authorized to and did business in County of Los Angeles, California.

16.     Plaintiff is informed and believes that Does 21 through 50 are individuals who at all relevant times herein were and are employees, managers, supervisors, managing agents, or officers of Defendants.

17.     The acts, omissions, damage, and injury, which form the basis of this lawsuit, were

COMPLAINT FOR DAMAGES

1    sustained in the County of Los Angeles.

2        18.    The amount in controversy herein is within the jurisdiction of this Court.

3    **EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS**

4        19.    Plaintiff exhausted her administrative remedies by timely filing complaints against

5    Defendants herein with the California Department of Fair Employment and Housing ("DFEH") and

6    thereafter received a "Right to Sue" letter from the DFEH on April 11, 2020, which was thereafter

7    served on Defendants by U.S. Certified mail.

8    **FACTUAL ALLEGATIONS**

9        20.    Plaintiff LANDAVERDE at all times mentioned herein was an employee of

10    Defendants.  Defendants employed Plaintiff on or about July 28, 2017 at its los Angeles location.

11    She was recruited as an Assistant Manager for a new store at Citadel Outlets, Los Angeles, and she

12    helped with the store opening.

13        21.    Plaintiff was an exemplary employee and performed her job duties well. Plaintiff

14    also received the Top Sales Associate Award on March 5, 2019.

15        22.    In the fall of 2018, Plaintiff learned that she was pregnant. In October 2018, she

16    shared this news with her Store Manager, Defendant DANIELIAN.

17        23.    Defendants transitioned her job duties to another Assistant Manager, Ms. Dadashian,

18    and ignored, shunned and ostracized Plaintiff after she shared her pregnancy news.

19        24.    About a month later, Defendant DANIELIAN said to her: "I have a feeling you

20    wouldn't come back," and posted a position to hire new keyholder in December 2018.

21        25.    On January 14, 2019, Defendants provided Plaintiff with a FMLA Notice of

22    Eligibility, informing her that she was eligible for 12 weeks of FMLA leave, starting on May 5,

23    2019 due to the birth of her child. Yet, Defendants never provided Plaintiff with any information

24    about California Family Rights Act's pregnancy disability leave and her rights under CFRA.

25        26.    Plaintiff continued working at Movado Citadel Outlets Los Angeles store from

26    January to April 2019. While visibly pregnant, she continued doing her duties as usual.

27        27.    On or about April 27, 2019, Plaintiff went on a pregnancy disability leave. After she

28

1   delivered a baby, however, Plaintiff was diagnosed with post-partum depression, which necessitated

2   additional leave of absence.

3        28.    Plaintiff's depression escalated after having her baby, and she was diagnosed with

4   Generalized Anxiety disorder and Obsessive-Compulsive disorder. Her doctor put her on disability

5   leave for additional two months due to her medical condition.

6        29.    Plaintiff diligently appraised Defendants of her condition verified by her doctors'

7   notes. On September 16, 2019, she sent an email with her doctor's note notifying her condition to

8   the Head of Human Resources. She also asked how much time off would Defendants allow her to

9   take with her job being protected, but Human Resources only responded with "Thank you for your

10   update."

11        30.    Plaintiff's leave of absence was extended for three months after her reevaluation on

12   November 4, 2019.

13        31.    On December 5, 2019, Plaintiff informed Human Resources of Defendants that she

14   was still on disability leave and she provided Defendants with a doctor's note. Fully aware of

15   Plaintiff's medical condition, Human Resources stated that Plaintiff has been on disability for 7

16   months already but "the business must go on." Plaintiff responded that by law she should be

17   allowed more time.  Human Resources then reassured Plaintiff that she had nothing to worry about,

18   stating: "I understand, I have kids too. Right now, you need support, and we are going to give it to

19   you."

20        32.    Yet, on December 6, 2019, the day after the phone call, Defendants posted a

21   keyholder position at the Citadel Outlets, clearly trying to replace Plaintiff.

22        33.    Plaintiff's disability leave was extended until March 15, 2020 and she promptly

23   provided Defendants with the required paperwork. However, Human Resources of Defendants did

24   not give her any response regarding her disability extension.

25        34.    On March 5, 2020, Plaintiff received an approval from her medical insurance to

26   cover her outpatient psychiatric services, which she desperately needed. However, on the same day,

27   March 5, 2020, she got an email from the Human Resources of Defendants asking her to call them

28

         COMPLAINT FOR DAMAGES

1   back about her position.

2          35.     During the phone call, Defendants told Plaintiff that the company got a new Vice

3   President who had eliminated all the positions for assistant managers, and her position had been

4   eliminated and she was let go. When Plaintiff asked what would happen to her insurance, since her

5   daughter and herself were under Defendants' insurance, Defendant told her that it would end on

6   March 31, 2020.

7          36.     On March 9, 2020, Human Resources of Defendants emailed Plaintiff, offering a

8   part-time sales associate position. Plaintiff responded that she could not afford being demoted.

9   However, on March 11, 2020, Defendants was recruiting for at least one full-time positions at

10   Citadel Outlets, Los Angeles: Retail Sales Associate Keyholder.

11          37.     In addition, Defendants did not eliminate Ms. Dadashian, who was also the Assistant

12   Manager at the Citadel Outlets store. It became clear to Plaintiff that her position was never

13   eliminated, and the "layoff" was simply a pretext for Plaintiff's unlawful termination.

14

15                              **FIRST CAUSE OF ACTION**

16          **PREGNANCY AND SEX DISCRIMINATION IN VIOLATION OF FEHA**

17                     (Violation of California Government Code § 12940(a))

18          (By Plaintiff Against Defendants MOVADO, MOVADO RETAIL and Does 1 through 20,

19                                       inclusive)

20          38.     Plaintiff repeats and re-alleges the allegations set forth above and incorporates same

21   by reference as though fully set forth herein.

22          39.     California Government Code section 12940(a) provides: "It is an unlawful

23   employment practice . . . [f]or an employer, because of the . . . sex [or] gender . . . of any person,

24   to . . . discriminate against the person in compensation or in terms, conditions, or privileges of

25   employment."

26          40.     Under California Government Code section 12926(d), "'Employer' includes any

27   person regularly employing five or more persons, or any person acting as an agent of an employer,

28

                                              - 7 -                    COMPLAINT FOR DAMAGES

1    directly or indirectly[.]"

2        41.    Under California Government Code section 12926(r)(1), "'Sex' includes, but is not

3    limited to . . . [p]regnancy or medical conditions related to pregnancy."

4        42.    Defendants and Does 1 through 20, inclusive are "employers" within the meaning of,

5    and are subject to, the Fair Employment and Housing Act (hereinafter "FEHA") as employers of

6    five (5) or more employees.

7        43.    At all relevant times herein, Plaintiff was a female employee that asked for a

8    pregnancy disability leave during her employment at Defendants.  As such, Plaintiff is a member of

9    a class protected from discrimination.

10        44.    Defendants transitioned Plaintiff's job duties and ignored, shunned and ostracized

11    her after she shared her pregnancy news.

12        45.    Defendants terminated her employment after her pregnancy disability leave, despite

13    her exceptional sales ability, lying to her that the position was "eliminated" altogether.

14        46.    Plaintiff is informed and believes that Defendants and Does 1 through 20, inclusive,

15    discriminated against her based on her pregnancy and sex. Plaintiff's pregnancy and sex was a

16    substantial motivating reason for Defendants' decisions to transition her job duties, ignored,

17    shunned, ostracized, and terminate her.

18        47.    Defendants' discrimination of Plaintiff, as alleged above and according to proof, was

19    engaged in with the intent of injuring Plaintiff and discriminating her on the basis of her pregnancy

20    and sex and constituted unlawful discrimination in employment in violation of Government Code

21    Section 12940(a).

22        48.    As a direct, foreseeable, and proximate result of Defendants and Does 1 through 20,

23    inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer lost income,

24    benefits, career opportunities, and other economic loss, the precise amount of which will be proven

25    at trial.

26        49.    As a direct, foreseeable, and proximate result of Defendants and Does 1 through 20,

27    inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer great anxiety,

28

    COMPLAINT FOR DAMAGES

1  embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of

2  which will be proven at trial.

3      50.    The above-recited actions of Defendants were done with malice, fraud or oppression,

4  and in conscious, despicable and reckless disregard of Plaintiff's rights under FEHA.  In addition,

5  Defendants discriminated Plaintiff in a willful manner and in conscious disregard of her rights and

6  did the foregoing things alleged herein in unjust disregard of Plaintiff's rights.  Plaintiff is entitled to

7  and seeks punitive damages against each Defendant herein in an amount according to proof.

8      51.    The foregoing conduct by Defendants and Does 1 through 20, was a substantial

9  factor in causing Plaintiff's harm.

10      52.    Under the FEHA, Plaintiff is entitled to an award of reasonable attorney's fees and

11  costs.

12                                    **SECOND CAUSE OF ACTION**

13      **DISABILITY DISCRIMINATION (ACTUAL DISABILITY, OR "REGARDED AS**

14                **HAVING" A DISABILITY) IN VIOLATION OF FEHA**

15                          (Violation of Government Code §12940(a))

16        (By Plaintiff Against Defendants MOVADO, MOVADO RETAIL and Does 1 through 20,

17                                              inclusive)

18      53.    Plaintiff repeats and re-alleges the allegations set forth above and incorporates same

19  by reference as though fully set forth herein.

20      54.    California Government Code section 12940(a) provides: "It is an unlawful

21  employment practice . . . [f]or an employer, because of the . . . physical disability, mental disability,

22  [and/or] medical condition . . . of any person, to . . . discriminate against the person in compensation

23  or in terms, conditions, or privileges of employment."

24      55.    Under California Government Code section 12926(d), "'Employer' includes any

25  person regularly employing five or more persons, or any person acting as an agent of an employer,

26  directly or indirectly[.]"

27      56.    Under California Government Code section 12926(m), "'Physical disability'

28

COMPLAINT FOR DAMAGES

1  includes, but is not limited to . . . condition . . . affect[ing] one or more of the following body

2  systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including

3  speech organs, cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin,

4  and endocrine . . . [that] limits a major life activity."

5       57.    Under California Government Code section 12926(m), "Physical disability"

6  includes, (3) "[h]aving a record or history of a disease, disorder, condition, cosmetic disfigurement,

7  anatomical loss, or health impairment [that constitutes a physical disability,] which is known to the

8  employer"[;] (4) [b]eing regarded or treated by the employer … as having, or having had, any

9  physical condition that makes achievement of a major life activity difficult"[; or] (5) [b]eing

10  regarded or treated by the employer … as having, or having had, a disease, disorder, condition,

11  cosmetic disfigurement, anatomical loss, or health impairment that has no present disabling effect

12  but may become a physical disability."  Under "regarded as" theory, an actual or existing physical

13  disability is not necessary.  *Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 52-53 (2006).

14  Plaintiff alleges that he was discriminated against on the basis of his actual disability, as well as on

15  the basis of having been regarded as disabled.

16       58.    Under California Government Code section 12926(j), "'Mental disability' includes,

17  but is not limited to . . . any mental or psychological disorder or condition, such as intellectual

18  disability, organic brain syndrome, emotional or mental illness, or specific learning disabilities, that

19  limits a major life activity."

20       59.    Under California Government Code section 12926(j), "Mental disability" includes,

21  (3) "[h]aving a record or history of a mental or psychological disorder or condition . . . which is

22  known to the employer . . . (4) [b]eing regarded or treated by the employer . . . as having, or having

23  had, any mental condition that makes achievement of a major life activity difficult[; or] (5) [b]eing

24  regarded or treated by the employer . . . as having, or having had, a mental or psychological disorder

25  or condition that has no present disabling effect, but that may become a mental disability."  Under

26  "regarded as" theory, an actual or existing physical disability is not necessary.  *Gelfo v. Lockheed*

27  *Martin Corp.*, 140 Cal. App. 4th 34, 52-53 (2006).  Plaintiff alleges that he was discriminated

28

- 10 -

COMPLAINT FOR DAMAGES

1   against on the basis of his actual disability, as well as on the basis of having been regarded as

2   disabled.

3           60.     Defendants and Does 1 through 20, inclusive are "employers" within the meaning of,

4   and are subject to, the Fair Employment and Housing Act (hereinafter "FEHA") as employers of

5   five (5) or more employees.

6           61.     At all relevant times herein, Plaintiff was a female employee that asked for a

7   disability leave during her employment at Defendants.  As such, Plaintiff is a member of a class

8   protected from discrimination.

9           62.     Defendants knew that Plaintiff had a disability that limited her major life activity of

10  working, among other things.

11          63.     Plaintiff was able to perform the essential job duties of her position with reasonable

12  accommodation for her disabilities.

13          64.     Instead of accommodating Plaintiff, Defendants transitioned Plaintiff's job duties,

14  ignored, shunned, ostracized and terminated her employment while she was still on disability leave.

15          65.     Plaintiff is informed and believes that Defendants and Does 1 through 20, inclusive,

16  discriminated against her based on her mental and physical disabilities. Plaintiff's disability was a

17  substantial motivating reason for Defendants' decisions to transition her job duties, ignore, shun,

18  ostracize, and terminate her.

19          66.     As a direct, foreseeable, and proximate result of Defendants and Does 1 through 20,

20  inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer lost income,

21  benefits, career opportunities, and other economic loss, the precise amount of which will be proven

22  at trial.

23          67.     As a direct, foreseeable, and proximate result of Defendants and Does 1 through 20,

24  inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer great anxiety,

25  embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of

26  which will be proven at trial.

27          68.     The above-recited actions of Defendants were done with malice, fraud or oppression,

28

1    and in conscious, despicable and reckless disregard of Plaintiff's rights under FEHA.  In addition,

2    Defendants discriminated Plaintiff in a willful manner and in conscious disregard of her rights and

3    did the foregoing things alleged herein in unjust disregard of Plaintiff's rights.  Plaintiff is entitled to

4    and seeks punitive damages against each Defendant herein in an amount according to proof.

5         69.    The foregoing conduct by Defendants and Does 1 through 20, was a substantial

6    factor in causing Plaintiff's harm.

7         70.    Under the FEHA, Plaintiff is entitled to an award of reasonable attorney's fees and

8    costs.

9                            **THIRD CAUSE OF ACTION**

10              **FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA**

11                   (Violation of California Government Code §12940(m))

12         (By Plaintiff Against Defendants MOVADO, MOVADO RETAIL and Does 1 through 20,

13                                    inclusive)

14         71.    Plaintiff repeats and re-alleges the allegations set forth above and incorporates same

15    by reference as though fully set forth herein.

16         72.    Government Code section 12940(m) provides that it is an unlawful employment

17    practice "[f]or an employer or other entity covered by this part to fail to make reasonable

18    accommodation for the known physical or mental disability of an applicant or employee." Under

19    Government Code section 12940(m), employers are required to provide reasonable

20    accommodations to an employee because of his or her related medical condition if he or she

21    requests such with the advice of his or her health care provider or once the employer becomes aware

22    of the need to consider an accommodation. An employer must explore various accommodations

23    even if the employee has not requested any.

24         73.    Government Code section 12926(p) provides: "'Reasonable accommodation' may

25    include either of the following:  (1) Making existing facilities used by employees readily accessible

26    to, and usable by, individuals with disabilities; (2) Job restructuring, part-time or modified work

27    schedules, reassignment to a vacant position, acquisition or modification of equipment or devices,

28

1    adjustment or modifications of examinations, training materials or policies, the provision of

2    qualified readers or interpreters, and other similar accommodations for individuals with

3    disabilities." A medically necessary leave of absence, flexible work schedule, among others,

4    constitute reasonable accommodations under this section.

5           74.    Defendants and Does 1 through 20, inclusive are "employers" within the meaning of,

6    and are subject to, the Fair Employment and Housing Act (hereinafter "FEHA") as employers of

7    five (5) or more employees.

8           75.    At all relevant times herein, Plaintiff was a  disabled female employee who requested

9    disability leave during her employment at Defendants as an accommodation for her disability.  As

10   such, Plaintiff is a member of a class protected from discrimination.

11          76.    Defendants knew of Plaintiff's disability that limited her major life activity of

12   working, among other things.

13          77.    Defendants had treated Plaintiff as if she had a disability that limited her major life

14   activity of working, among other things.

15          78.    Plaintiff was able to perform the essential job duties of her position with reasonable

16   accommodation for her disabilities.

17          79.    Plaintiff needed and requested accommodation for said disability, but Defendants

18   failed to provide it. Instead of accommodating Plaintiff, Defendants transitioned Plaintiff's job

19   duties, ignored, shunned, ostracized and terminated her employment while she was still on her

20   disability leave.

21          80.    As a direct, foreseeable, and proximate result of Defendants and Does 1 through 20,

22   inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer lost income,

23   benefits, career opportunities, and other economic loss, the precise amount of which will be proven

24   at trial.

25          81.    As a direct, foreseeable, and proximate result of Defendants and Does 1 through 20,

26   inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer great anxiety,

27   embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of

28

COMPLAINT FOR DAMAGES

1   which will be proven at trial.

2       82.    The above-recited actions of Defendants were done with malice, fraud or oppression,

3   and in conscious, despicable and reckless disregard of Plaintiff's rights under FEHA.  In addition,

4   Defendants discriminated Plaintiff in a willful manner and in conscious disregard of her rights and

5   did the foregoing things alleged herein in unjust disregard of Plaintiff's rights.  Plaintiff is entitled to

6   and seeks punitive damages against each Defendant herein in an amount according to proof.

7       83.    The foregoing conduct by Defendants and Does 1 through 20, was a substantial

8   factor in causing Plaintiff's harm.

9       84.    Under the FEHA, Plaintiff is entitled to an award of reasonable attorney's fees and

10  costs.

### FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA

(Violation of Government Code §12940(n))

(By Plaintiff Against Defendants MOVADO, MOVADO RETAIL and Does 1 through 20,

inclusive)

16      85.    Plaintiff repeats and re-alleges the allegations set forth above and incorporates same

17  by reference as though fully set forth herein.

18      86.    The FEHA makes it an unlawful employment practice to fail to engage in a timely,

19  good  faith,  interactive  process  with  an  employee  to  determine  effective  reasonable

20  accommodations, if any, in response to a request for reasonable accommodation by an employee or

21  once the employer becomes aware of the need to consider an accommodation. Cal. Gov. Code §

22  12940(n).  An employer must explore various accommodations even if the employee has not

23  requested any.

24      87.    Defendants and Does 1 through 20, inclusive are "employers" within the meaning of,

25  and are subject to, the Fair Employment and Housing Act (hereinafter "FEHA") as employers of

26  five (5) or more employees.

27      88.    At all relevant times herein, Plaintiff was a disabled female employee who requested

28

COMPLAINT FOR DAMAGES

disability leave during her employment at Defendants as an accommodation for her disability.  As such, Plaintiff is a member of a class protected from discrimination.

89.     Defendants knew of Plaintiff's disability that limited her major life activity of working, among other things.

90.     Defendants had treated Plaintiff as if she had a disability that limited her major life activity of working, among other things.

91.     Plaintiff was able to perform the essential job duties of her position with reasonable accommodation for her disabilities.

92.     Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job functions.

93.     In violation of California Government Code Section 12940(n), Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations.  As explained above, instead of accommodating Plaintiff, Defendants transitioned Plaintiff's job duties, ignored, shunned, ostracized and terminated her employment while she was still on her disability leave, lying to her that her position was "eliminated" altogether.

94.     Defendants' failure to engage in the interactive process of Plaintiff, as alleged above, and according to proof, was engaged in with the intent of injuring Plaintiff and discriminating her on the basis of her disability and constituted unlawful discrimination in employment in violation of Government Code Section 12940(a).

95.     As a direct, foreseeable, and proximate result of Defendants and Does 1 through 20, inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer lost income, benefits, career opportunities, and other economic loss, the precise amount of which will be proven at trial.

96.     As a direct, foreseeable, and proximate result of Defendants and Does 1 through 20, inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of

COMPLAINT FOR DAMAGES

1   which will be proven at trial.

2        97.    The above-recited actions of Defendants were done with malice, fraud or oppression,

3   and in conscious, despicable and reckless disregard of Plaintiff's rights under FEHA.  In addition,

4   Defendants discriminated Plaintiff in a willful manner and in conscious disregard of her rights and

5   did the foregoing things alleged herein in unjust disregard of Plaintiff's rights.  Plaintiff is entitled to

6   and seeks punitive damages against each Defendant herein in an amount according to proof.

7        98.    The foregoing conduct by Defendants and Does 1 through 20, was a substantial

8   factor in causing Plaintiff's harm.

9        99.    Under the FEHA, Plaintiff is entitled to an award of reasonable attorney's fees and

10   costs.

11   **FIFTH CAUSE OF ACTION**

12   **HARASSMENT ON THE BASIS OF PREGNANCY, SEX, AND/OR DISABILITY**

13   (Violation of Government Code §12940(j))

14   (By Plaintiff Against All Defendants)

15        100.    Plaintiff repeats and re-alleges the allegations set forth above and incorporates the

16   same by reference as though fully set forth herein.

17        101.    California Government Code section 12940(a) provides: "It is an unlawful

18   employment practice . . . [f]or an employer . . . because of . . . physical disability, mental disability,

19   medical condition . . . sex [and/or] gender . . . to harass an employee[.] Harassment of an employee .

20   . . shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this

21   conduct and fails to take immediate and appropriate corrective action. An entity shall take all

22   reasonable steps to prevent harassment from occurring."

23        102.    At all relevant times herein, Plaintiff was a female employee who was pregnant and

24   disabled during her employment at Defendants.  As such, Plaintiff is a member of a class protected

25   from harassment.

26        103.    Plaintiff was subjected to harassing conduct because she was a pregnant, disabled

27   and asked for a disability leave during her employment at Defendants.

28

COMPLAINT FOR DAMAGES

104.   The harassing conduct disrupted Plaintiff's emotional tranquility in the workplace, affected Plaintiff's ability to perform the job as usual, and interfered with and undermined the Plaintiff's personal sense of well-being.

105.   A reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, and abusive.

106.   Plaintiff considered the work environment to be hostile, intimidating, offensive, oppressive, and abusive.

107.   By their conduct, Defendants have participated in, assisted and encouraged the harassing conduct.

108.   Defendants' supervisors or agents knew or should have known of the conduct and failed to take immediate and appropriate corrective action. Defendant DANIELIAN engaged in harassing conduct.

109.   As a direct, foreseeable, and proximate result of Defendants and Does 1 through 50, inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer lost income, benefits, career opportunities, and other economic loss, the precise amount of which will be proven at trial.

110.   As a direct, foreseeable, and proximate result of Defendants and Does 1 through 50, inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

111.   The above-recited actions of Defendants were done with malice, fraud or oppression, and in conscious, despicable and reckless disregard of Plaintiff's rights under FEHA.  In addition, Defendants discriminated Plaintiff in a willful manner and in conscious disregard of her rights and did the foregoing things alleged herein in unjust disregard of Plaintiff's rights.  Plaintiff is entitled to and seeks punitive damages against each Defendant herein in an amount according to proof.

112.   The foregoing conduct by Defendants and Does 1 through 50, was a substantial factor in causing Plaintiff's harm.

113. Under the FEHA, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## SIXTH CAUSE OF ACTION

### RETALIATION FOR REQUESTING ACCOMMODATION

(Violation of California Government Code § 12940(l))

(By Plaintiff Against Defendants MOVADO, MOVADO RETAIL and Does 1 through 20, inclusive)

114. Plaintiff repeats and re-alleges the allegations set forth above and incorporates same by reference as though fully set forth herein.

115. California Government Code section 12940(l) provides that it is an unlawful employment practice "[f]or an employer . . . to . . . retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted."

116. Plaintiff requested that Defendants make reasonable accommodation for her said disabilities so she would be able to perform the essential job requirements. Specifically, Plaintiff informed Defendants on numerous occasions about her disability. She also provided Defendants with doctor's notes explaining the details of her disability and accommodations needed.

117. Defendants transitioned Plaintiff's job duties, ignored, shunned, ostracized and terminated her employment while she was still on disability leave.

118. Plaintiff is informed and believes that Defendants and Does 1 through 20, inclusive, retaliated against her based on her request for accommodation. Plaintiff's request for accommodation was a substantial motivating reason for Defendants' decisions to transition her job duties, ignored, shunned, ostracized, and terminate her.

119. Defendants' retaliation against Plaintiff, as alleged above and according to proof, was engaged in with the intent of injuring Plaintiff and retaliating her on the basis of her request for accommodation and constituted unlawful retaliation in employment in violation of Government Code Section 12940(l).

COMPLAINT FOR DAMAGES

120.    As a direct, foreseeable, and proximate result of Defendants and Does 1 through 20, inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer lost income, benefits, career opportunities, and other economic loss, the precise amount of which will be proven at trial.

121.    As a direct, foreseeable, and proximate result of Defendants and Does 1 through 20, inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

122.    The above-recited actions of Defendants were done with malice, fraud or oppression, and in conscious, despicable and reckless disregard of Plaintiff's rights under FEHA.  In addition, Defendants discriminated Plaintiff in a willful manner and in conscious disregard of her rights and did the foregoing things alleged herein in unjust disregard of Plaintiff's rights.  Plaintiff is entitled to and seeks punitive damages against each Defendant herein in an amount according to proof.

123.    The foregoing conduct by Defendants and Does 1 through 20, was a substantial factor in causing Plaintiff's harm.

124.    Under the FEHA, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

**SEVENTH CAUSE OF ACTION**

**RETALIATION FOR EXERCISING RIGHTS UNDER CFRA**

(Violation of California Government Code § 12945.2(l))

(By Plaintiff Against Defendants MOVADO, MOVADO RETAIL and Does 1 through 20, inclusive)

125.    Plaintiff repeats and re-alleges the allegations set forth above and incorporates same by reference as though fully set forth herein.

126.    California Government Code section 12945.2 is the California Family Rights Act (CFRA). Section 12945.2(l) provides that it is an unlawful employment practice "[f]or an employer . . . to . . . discharge . . . or discriminate against [a]n individual's exercise of the right to family care

COMPLAINT FOR DAMAGES

1   and medical leave provided by [CFRA]."

2       127.    California Government Code section 12945.2(a) provides that an employee is

3   eligible to exercise the right to family care and medical leave provided by CFRA if she was "with

4   more than 12 months of service with the employer, and who has at least 1,250 hours of service with

5   the employer during the previous 12-month period."

6       128.    Plaintiff was eligible for family care/medical leave as she was an employee with

7   more than 12 months of service with Defendants, and who has at least 1,250 hours of service with

8   the employer during the previous 12-month period.

9       129.    Plaintiff requested a family care/medical leave for her disability. Plaintiff informed

10   Defendants on numerous occasions about her disability.   She also provided Defendants with

11   doctor's notes explaining the details of her disability and medical leaves needed.

12       130.    Defendants transitioned Plaintiff's job duties, ignored, shunned, ostracized and

13   terminated her employment after her pregnancy disability leave.

14       131.    Plaintiff is informed and believes that Defendants and Does 1 through 20, inclusive,

15   retaliated against her based on her request for family care/medical leave. Defendants retaliated

16   against her by refusing to reinstate her to her full-time position, or any comparable position upon

17   her expected return, and terminating her employment. In terminating Plaintiff, Defendants

18   impermissibly considered Plaintiff's taking of CFRA leave as a negative factor in the decision to

19   terminate her employment. In doing so, Defendants retaliated against her for taking the CFRA-

20   qualifying leave.

21       132.    Plaintiff's request for family care/medical leave was a substantial motivating reason

22   for Defendants' decisions to transition her job duties, ignored, shunned, ostracized, and terminate

23   her.

24       133.    As a direct, foreseeable, and proximate result of Defendants and Does 1 through 20,

25   inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer lost income,

26   benefits, career opportunities, and other economic loss, the precise amount of which will be proven

27   at trial.

28

COMPLAINT FOR DAMAGES

134.    As a direct, foreseeable, and proximate result of Defendants and Does 1 through 20, inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

135.    The above-recited actions of Defendants were done with malice, fraud or oppression, and in conscious, despicable and reckless disregard of Plaintiff's rights under CFRA.  In addition, Defendants discriminated Plaintiff in a willful manner and in conscious disregard of her rights and did the foregoing things alleged herein in unjust disregard of Plaintiff's rights.  Plaintiff is entitled to and seeks punitive damages against each Defendant herein in an amount according to proof.

136.    The foregoing conduct by Defendants and Does 1 through 20, was a substantial factor in causing Plaintiff's harm.

137.    Under the FEHA, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF FEHA**

(Violation of California Government Code §12940(k))

(By Plaintiff Against Defendants MOVADO, MOVADO RETAIL and Does 1 through 20, inclusive)

138.    Plaintiff repeats and re-alleges the allegations set forth above and incorporates same by reference as though fully set forth herein.

139.    The FEHA requires employers to take all reasonable steps to prevent discrimination and retaliation, including the institution by employer of policies, procedures, and practices that include prompt and effective remedial procedures, and appropriate training, monitoring and disciplinary measures.

140.    At all relevant times herein, Plaintiff was an employee of Defendants MOVADO, MOVADO RETAIL and Does 1 through 20, inclusive.

COMPLAINT FOR DAMAGES

141. As alleged above, Plaintiff was subjected to discrimination and harassment on the basis of pregnancy, sex, and disability, and retaliation for requesting accommodation and for exercising rights under CFRA in the course of her employment.

142. Defendants knew or should have known of the discriminatory, harassing, and retaliatory conduct and had ample opportunity to take immediate and appropriate corrective action to prevent the discriminatory and retaliatory conduct. Defendants, however, failed to take all reasonable steps to prevent the discrimination and retaliation experienced by Plaintiff because of her pregnancy, sex, and disability.

143. Defendant MOVADO, MOVADO RETAIL and Does 1 through 20, inclusive, did not take any monitoring, training, or disciplinary measures to remedy the discrimination or retaliation. Defendants' policies, procedures, and practices were inadequate for prevention, monitoring, and remediation of discrimination and retaliation. If such policies, procedures, and practices existed, employees, including supervisors, were insufficiently trained or made aware of those policies and procedures to prevent discrimination and retaliation from occurring. Once Defendants' were made aware of the discrimination and retaliation to which Plaintiff was subject, they failed to take all reasonable steps to prevent the discrimination and retaliation against Plaintiff, and instead engaged in further retaliation against Plaintiff by terminating her.

144. As a direct, foreseeable, and proximate result of Defendants and Does 1 through 20, inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer lost income, benefits, career opportunities, and other economic loss, the precise amount of which will be proven at trial.

145. As a direct, foreseeable, and proximate result of Defendants and Does 1 through 20, inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

146. The above-recited actions of Defendants were done with malice, fraud or oppression, and in conscious, despicable and reckless disregard of Plaintiff's rights under FEHA. In addition,

Defendants discriminated Plaintiff in a willful manner and in conscious disregard of her rights and did the foregoing things alleged herein in unjust disregard of Plaintiff's rights. Plaintiff is entitled to and seeks punitive damages against each Defendant herein in an amount according to proof.

147. The foregoing conduct by Defendants and Does 1 through 20, was a substantial factor in causing Plaintiff's harm.

148. Under the FEHA, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## NINTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(By Plaintiff Against Defendants MOVADO, MOVADO RETAIL and Does 1 through 20, inclusive)

149. Plaintiff repeats and re-alleges the allegations set forth above and incorporates same by reference as though fully set forth herein.

150. At all relevant times herein, Plaintiff was an employee of Defendants MOVADO, MOVADO RETAIL and Does 1 through 20, inclusive.

151. Defendants discharged Plaintiff on the basis of her pregnancy, sex, and disability, and in retaliation for exercising her rights under the FEHA and CFRA by requesting accommodation and family care/medical leave.

152. Defendants' termination of Plaintiff's employment violates public policy of the State of California. Such public policy is set forth in Article I, §8, of the California Constitution and the California Fair Employment Housing Act (Government Code § 12900, *et seq.*), which specifically prohibits Defendants from discriminating, harassing and retaliating against Plaintiff on the basis of her pregnancy, sex, disability and for exercising her rights under FEHA by requesting accommodation in the workplace.

153. Plaintiff's pregnancy, sex, disability and exercising rights under FEHA and CFRA was a substantial motivating factor for Defendants' decision to discharge Plaintiff.

- 23 -

COMPLAINT FOR DAMAGES

154.  Defendants' wrongful termination of Plaintiff's employment, as alleged above and according to proof, was engaged in with the intent of injuring Plaintiff and retaliating her on the basis of her pregnancy, sex, disability, and exercising rights under FEHA and CFRA and constituted unlawful employment practices in violation of public policy.

155.  As a direct, foreseeable, and proximate result of Defendant and Does 1 through 20, inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer lost income, benefits, career opportunities, and other economic loss, the precise amount of which will be proven at trial.

156.  As a direct, foreseeable, and proximate result of Defendant and Does 1 through 20, inclusive's conduct, as alleged above, Plaintiff has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

157.  The above-recited actions of Defendant were done with malice, fraud or oppression, and in conscious, despicable and reckless disregard of Plaintiff's rights under public policy.  In addition, Defendants retaliated Plaintiff in a willful manner and in conscious disregard of her rights and did the foregoing things alleged herein in unjust disregard of Plaintiff's rights.  Plaintiff is entitled to and seeks punitive damages against each Defendant herein in an amount according to proof.

158.  The foregoing conduct by Defendants and Does 1 through 20, inclusive was a substantial factor in causing Plaintiff's harm.

**TENTH CAUSE OF ACTION**

**FAILURE TO PAY EARNED WAGES**

(Violations of California Labor Code §§ 201, 202, 218.5)

(By Plaintiff Against Defendants MOVADO, MOVADO RETAIL, and Does 1 through 20, inclusive)

159.  Plaintiff repeats and re-alleges the allegations set forth above and incorporates same

by reference as though fully set forth herein.

160.    Under California Labor Code section 200(a), "Wages includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." "Wages" includes sales commissions or bonuses based on the employee's individual performance. Cal. Lab.C. § 200 (a).

161.    Under California Labor Code section 201(a), "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

162.    At all relevant times herein, Plaintiff was an employee that performed work for Defendants MOVADO, MOVADO RETAIL and Does 1 through 20, inclusive.

163.    Defendants failed to pay Plaintiff all of her wages that she fully earned under the terms of the employment. Defendants have yet to Plaintiff's vacation balance.

164.    Pursuant to California Labor Code section 210, Plaintiff is entitled to recover a penalty of $100.00 for the initial failure to timely pay Plaintiff all of the wages earned, and $200.00 for each subsequent failure to pay Plaintiff all of the wages earned; in addition, pursuant to section 210, for each subsequent failure to pay in compliance with Labor Code section 201, Plaintiff is entitled to recover an additional amount equal to 25% of the unlawfully withheld wages.

165.    As a direct and proximate result of Defendants' conduct in violation of Labor Code section 201 as alleged above, Plaintiff has suffered losses related to the use and enjoyment of wages and lost interest on such wages all to their damage in amounts according to proof at trial

166.    Pursuant to California Labor Code section 218.5, Plaintiff is entitled to reasonable attorneys' fees and costs in pursuit of this claim.

///

///

///

COMPLAINT FOR DAMAGES

**ELEVENTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

(Violations of California Labor Code §§ 203, 218)

(By Plaintiff Against Defendants MOVADO, MOVADO RETAIL and Does 1 through 20, inclusive)

167.    Plaintiff repeats and re-alleges the allegations set forth above and incorporates the same by reference as though fully set forth herein.

168.    Labor Code sections 201 and 202 require Defendants to pay their employees all wages due immediately upon discharge, or within seventy-two hours of quitting without notice. Labor Code section 203 provides that where an employer willfully fails to make such timely payment, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days' wages.

169.    Plaintiff was terminated from employment with Defendants on March 5, 2020, without being paid her final wages within the time required by Labor Code sections 201 and 202. Defendants failed to pay Plaintiff all wages when due on March 5, 2020.

170.    Defendants' failure to pay these wages has been and continues to be willful.

171.    As a result of Defendants' conduct, Plaintiff is entitled to waiting time penalties under Labor Code section 203, in addition to interests and costs to the extent permissible by law.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment as follows:

**ON ALL CAUSES OF ACTION**

1.    For compensatory damages, together with prejudgment interest, according to proof;

2.    For reasonable attorneys' fees according to proof;

3.    For general damages (including non-economic damages), according to proof;

4.    For special damages (including economic damages), according to proof;

5.    For exemplary and punitive damages, according to proof;

6.    For costs of suit incurred herein;

COMPLAINT FOR DAMAGES

7.  For prejudgment and post-judgment interest;

8.  For such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated:  May 18, 2020                   WORKPLACE JUSTICE ADVOCATES, PLC

By: _____
Tamara S. Freeze
Shirin Forootan
Attorneys for Plaintiff DIANA LANDAVERDE

- 27 -